ANDREW M. POTTER *et al.*, Defendants in Error, v..
BENJAMIN F. BASSETT, Plaintiff in Error.

Kansas City Court of Appeals, April 15, 1889.

1. **Lease**: FRAUD AS GROUND FOR RESCISSION OF : CANCELLATION OF
NOTES GIVEN AS CONSIDERATION OF : POWER OF FOREIGN ADMINIS-
TRATOR OR GUARDIAN, OR A MARRIED WOMAN, OR AN AGENT TO
MAKE. Defendant, who is insolvent, represented to plaintiffs he
had full power to rent certain land and take notes in payment.
Plaintiffs confided in said representations and leased the land for
five years, and gave their five promissory notes for the rent.
Defendant had no authority except a brief note from C., the
Kentucky administrator of L., authorizing him to attend to the
renting. The land at the time, in fact, belonged to Mrs. C., a
married woman, who became discovert before the term com-
menced, and to Mrs. L., the insane widow of said L., under a
Kentucky guardian, who soon after instituted *ex-parte* proceed-
ings in partition, which resulted in the assignment of the leased
premises to Mrs. C. Defendants upon learning these facts quit
the possession of the premises and informed defendant thereof and
demanded of him a rescission of the contract and the return of
their notes, he still having two of them, and upon refusal,
brought this suit to cancel the notes and rescind the contract;
*Held*—

   (1) The lease was void and the notes therefore without consider-
   ation, as neither a foreign administrator, or guardian, or a
   married woman, can make a valid lease of land in this state,
   as held in *Crockett v. Althouse et al., ante*, p. 404.

   (2) The lease was void for the additional reason that it is made
   by an agent in his own name.

   (3) That a lease, like other contracts, may for fraud, misrep-
   resentation or mistake, be rescinded by proper action.

2. **Party :** WHEN AGENT A PROPER. When, as in this case, an agent
takes notes in his own name, or fails to show a responsible princi-
pal behind him, he is a proper party.

VOL. XXXV—27

*Appeal from the Clinton Circuit Court.*—HON. C. T.
GARNER, Special Judge.

AFFIRMED.

Statement by the court:

This is a suit to have delivered up, and cancelled,
five negotiable promissory notes, executed by plaintiffs
to defendant, in consideration of a five years' lease of
land, and also to rescind the contract of leasing. The
lease and notes were drawn up by defendant and were
all executed December 31, 1883 ; the term of the lease
was to commence March 1. 1884, and expire March 1,
1889. Defendant's signature to the lease is "B. F.
Bassett, agent of estate of R. Long, deceased," and
similiar descriptive words follow his name in the body
of the lease.

It was admitted at the trial below that at the time
of the execution of the lease and notes, the land belonged
to Ann M. Long and Emma L. Crockett, as tenants in
common ; that they were non-residents of the state and
that said Ann M. Long was an insane person and had
been such for eighteen years. That on March 25, 1885,
an *ex-parte* suit in partition was commenced by Emma
L. Crockett and Ann M. Long, who appeared by her
guardian, Joseph M. Tanner ; that on October 5, 1885,
a decree, embracing all the lands described in the lease
to plaintiffs, was entered, by which decree the lands in
the lease were allotted to said Emma L. Crockett.

It was further admitted that defendant Bassett is
insolvent. It was shown that defendant had negotiated
some of the notes, but it was admitted that two of them
yet remained in his hands. Emma L. Crockett was a
married woman at the date of the execution of the lease
and the notes ; Thomas G. Crockett her husband was

administrator of the estate of R. Long in Kentucky.
He died in February, 1884.

Defendant, as a witness, denied representing to
plaintiffs that he had a power of attorney from the
owners of the land authorizing him to lease it. But he
stated that he did tell them he was "authorized to rent
the lands of the Long estate," but did not know if he
told them "who the lands belonged to." He stated
that he thought he had authority, from the following
paper which was read in evidence: "LEXINGTON, KY.,
May 4, 1882. I hereby authorize B. F. Bassett to attend
to the renting of the lands of the R. Long estate in Mis-
souri, and he is my only agent. THOMAS G. CROCKETT,
administrator of estate of R. Long."

The court below found that the five notes were
executed under and as a part of the contract of leasing,
that they were made payable to defendant or his order,
and, "that at the time of and before making said con-
tract, and for the purpose of inducing plaintiffs to enter
into said contract and execute and deliver said notes,
the defendant represented to plaintiffs that he had full
power and authority from the owners of said land to
lease the same for said term in his own name or other-
wise as he saw fit, and to take and receive notes in his
own name or otherwise as he saw fit, for the price, or
consideration of any such lease and that such lease
would be effectual and valid; that the plaintiffs con-
fided in, and relied upon, all of said representations as
being true, and, so believing that defendant had full and
perfect authority and right to make said contract and
execute said lease and make it valid and binding upon
the owners of said land for said terms of years, entered
into said contract, executed and delivered to defendant
the aforesaid notes, and accepted said lease from defend-
ant executed as aforesaid, believing that the same con-
veyed to them the land for the full term of five years,

and within a reasonable time thereafter the said plain-
tiffs took possession of said land under said lease and
fenced the same.    That as a matter of fact at the time
of making said contract and executing said lease, said
tract of land belonged to and was owned in fee by the
heirs-at-law of one Robert Long, deceased, consisting
of Emma L. Crockett and Ann M. Long, both of whom
were then, and now are, residents of the state of Ken-
tucky, and said Ann M. Long then was, and now is,
insane, of which facts of residence of Emma L. Crockett
and Ann M. Long and of the insanity of said Ann M.
Long as well as the facts of their ownerships the defend-
ant was fully aware at the time of and before making
said contract and lease.    That at the time of so enter-
ing into said contract and executing said lease, the
defendant had no legal or binding authority or power
whatever from either or any owner of said land to
execute said lease or any lease of said land ; and said
lease had no binding force or validity as against the
owners of said land, and plaintiffs acquired no valid
term of years in or to said land, or right or title which
would be binding or valid for said term of five years or
any other term ; and that plaintiffs entered into said
contract and executed and delivered said notes through
mistake and misrepresentations of the facts as to the
defendant having such authority to so lease said land,
and as to such lack of title under said lease and would
not otherwise have entered into said contract.    That on
the second day of March, 1885, plaintiffs for the first
time discovered the said lack of authority of defendant
to so lease said land and that said Ann M. Long was
insane and had been for years, and that said Emma L.
Crockett and Ann M. Long, the latter by her guardian,
were claiming ownership of said lands and all interest
and estate therein and that immediately upon such dis-
covery the plaintiffs quit the possession of said land
and informed defendant of the fact and demanded of

him a rescission of said contract and the return of the aforesaid notes, all of which were refused by the defendant."

The court further found that two of the notes were still in the hands, and under the control, of defendant, and decreed that the contract of lease and notes to be rescinded and the notes "be deemed null and void and that defendant deliver them into court for cancellation."

*S. H. Corn* and *Thos. E. Turney*, for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. It manifests a failure on the part of plaintiffs to exercise common prudence in protecting themselves from the injuries complained of. *Bryan v. Hitchcock*, 43 Mo. 531 ; *Brown v. Fagan*, 71 Mo. 568 ; *Chamberlain v. Peltz*, 1 Mo. App. 183 ; Kerr on Fraud and Mistake, pp. 406-7 ; 1 Story on Eq., sec. 146. (*a*) There was no cause of action against the defendant. A contract cannot be rescinded by a suit against the agent who made it. *Michael v. Jones*, 84 Mo. 579 ; *Hartzell v. Crumb*, 90 Mo. 639 ; *Humphrey v. Jones*, 71 Mo. 62 ; *Klosserman v. Loos*, 58 Mo. 290 ; *Potter v. Stephens*, 40 Mo. 233 ; Story Eq. Pl., sec. 75. (*b*) Petition does not allege a tender of the rent due at the time the offer to rescind was made. *Melton v. Smith*, 65 Mo. 315 ; *Edington v. Nix*, 49 Mo. 134 ; *Woods v. Straup*, 63 Mo. 437 ; *Bibb v. Means*, 61 Mo. 284. (2) The court erred in decreeing a rescission of the contract. The legal title to the land at the time the contract was made was in Emma L. Crockett ; the right to the possession and to rents and profits was in Thomas G. Crockett ; Ann M. Long had a right to assignment of dower. The instrument in writing signed by Thomas G. Crockett gave defendant authority to rent the lands. *Johnson v. McGruder*, 15 Mo. 65 ; *Riley v. Minor*, 29 Mo. 439 ; *Kinney v. Matthews*, 69 Mo. 520 ; *Campbell v. Johnson*, 65 Mo. 440 ; *Endsley v. Stock*, 50 Mo. 508 ; R. S., sec. 3939 ; 1 Pars. Cont., pp. 49, 102, 108-9. If it be contended that Ann M. Long's interest in the lands

was that of tenant in common with Crockett, Crockett's possession is presumed to be not adverse to, but in the interest of, all the tenants in common, and was so in fact. *Davis v. Givens*, 71 Mo. 94 ; *Regan v. McCoy*, 29 Mo. 366; 1 Wash. Real Prop. [ 3 Ed.] p. 567. And plaintiffs' possession of the land could not be disturbed by Mrs. Long. *Harrison v. Taylor*, 33 Mo. 211 ; *Forder v. Davis*, 38 Mo. 108 ; *Badgers v. Holmes*, 6 Gray, 118; 1 Wash. Real Prop. [ 3 Ed.] p. 570. In either view of the case plaintiffs acquired rights in the land which they could maintain at law, and the owners of the land acquired a right to the rents against which plaintiffs could not defend. In such case a court of equity will not rescind the contract. *Lockwood v. Railroad*, 65 Mo. 236. (3) However informal and technically imperfect as a lease, the contract is not void of that account ; but will be enforced according to its terms. *DeLoge v. Hall*, 31 Mo. 473. And will at least have the force and effect of a parol lease under the statute of frauds, and require notice before surrendering possession. R. S., sec. 2509 ; *Kerr v. Clark*, 19 Mo. 132; *Ridgley v. Stilwell*, 28 Mo. 400; *Winters v. Cherry*, 78 Mo. 344. (4) The court erred in decreeing a cancellation of the notes. The contract did not call for negotiable notes. It is not charged that they were made negotiable through any fraud of the defendant. The execution of negotiable notes was their voluntary act. A little discretion here would have saved them from all the disasters they imagined afterwards were about to happen them. See authorities cited under. (5) There was no injury present or prospective against which a court of equity could exercise its remedial powers.

*William Henry* with *Roland Hughes* and others, for respondent.

(1) Where a party, assuming to have authority, contracts with another, although in the name of the assumed principal, the party contracted with, on learning the facts, must have the right to repudiate the

contract. *White v. Madison*, 26 N. Y. 117; 4 C. E. Green [19 N. J. E.] 328; *Wheeler v. Stanley*, 50 Mo. 509; *Murray v. Armstrong*, 11 Mo. 209; *Brown v. Rice*, 29 Mo. 322. (2) There was not only a lack of authority in Bassett, the assumed agent in this case, but he was guilty of positive fraud in the suppression of the fact of the insanity of Ann M. Long, if not the coverture of Emma L. Crockett (2 Pars. Contract, 275, and note "h," side page 271), and in the false representations as to his authority to lease the land, and as to his having a power of attorney; while, in equity, mistake even, as well as fraud in any representation of fact material to the contract, or a mutual mistake as to any material matter in the contract, furnishes a sufficient ground to set it aside and declare it a nullity. *Woodruff v. Garner*, 27 Ind. 4; *McFerren v. Taylor*, 3 Cranch, 288; *Smith v. Richards*, 13 Pet. 38; *Warner v. Daniels*, 1 Woodb. & M. 90; *Daniels v. Mitchell*, 1 Story, 172; *Frenzel v. Miller*, 37 Ind. 1; s. c., 10 Am. Rep. 62; 1 Story Eq. Jur., sec. 193; *Blair v. Railroad*, 89 Mo. 383; Cooley on Torts, 498-9. (3) All parties must have believed that the case gave title in the land to plaintiff for a term of five years, while in fact they got none, the decree in the case is proper as resting upon mistakes, and this is true even though a mistake of law superinduced the belief in the parties that they were getting title, as the very idea of title comprehends as well matter of fact as law. *King v. Doolittle*, 1 Head [Tenn.] 77; *Griffith v. Townly*, 69 Mo. 13. (4) R. S., secs. 5812, 5833, 5834, 5806, 5807 and 5808; R. S., secs. 10, 129. (5) It was proper to decree the cancellation of the notes as well as the rescission of the contract. 3 Randolph Com. Paper, p. 792; Story's Eq. Jur., sec. 700; Daniel Neg. Inst. [3 Ed.) sec. 203; Thomp. Bills [Wilson's Ed.] 66; Edw. Bills & Notes [3 Ed.] 316, side page 333. Ann M. Long and Emma L. Crockett were tenants in common, with the right in the husband of the latter to the same possession only as against Ann M. Long that Emma would

have had if single and unmarried ; and that possessory right terminated with his death in February, 1884, before the term under the lease should have commenced. Wash. Real Prop. [4 Ed.] sec. 3, chap. 13, side page 416. (6) Although a contract cannot be rescinded by suit against a mere agent, it may be rescinded by suit against one who is not an agent and who is the only party in any way bound or benefited by the contract ; and defendant Bassett was the only necessary or proper party to this suit upon the theory upon which it was brought and tried, for these reasons :   (a) That no responsible principal being behind him to respond to the obligations of the contract, he alone was bound by it, and he alone could properly be sued upon or on account of it. *Heath v. Goslin*, 80 Mo. 310 ; *Lipsey v. McKinstry*, 38 Mo. 245 ; Story on Agency, secs. 281, 282 ; *Byers v. Doores' Adm'r*, 20 Mo. 284.   (b) That under the form of the contract and notes he was a trustee of an express trust, or appeared as such on the face of the papers, and could sue upon the notes or contract independent of the imputed beneficiaries. Bliss Code Pl., sec. 57.   (c) That he held the notes, and while he had no interest in the leased land, his alleged principals had no interest in the notes or contract of leasing ; and it is not those who have an interest in the subject-matter of the suit, but in general those only who have an interest in the object of the suit, who are required to be made parties.   Story's Equity Pl., secs. 72, 76.   (d) That no ratification, or attempted ratification by the would-be principles after an election to rescind, can change the relation of the parties to the contract, or make an invalid contract valid, against the will of the injured party.   Bigelow on Frauds, 366–7, 401, 406 ; *Baker v. Kennett*, 54 Mo. 93 ; *Ferry v. Taylor*, 33 Mo. 323 ; *Hammerslaugh v. Cheatham*, 84 Mo. 22.

ELLISON, J.—The case of *Crockett v. Althouse et al., ante,* p. 404, involved one of the notes given,

under the terms of the lease in controversy. What we there said sufficiently explains our reason for holding the lease to be void and of no binding effect upon the plaintiffs. It may be added to what is there said, that this lease which is the consideration of the notes, is void for the further reason that it is made by an agent in his own name ; for though, in the beginning of the lease, defendant is described as " B. F. Bassett, agent estate R. Long, deceased, of Lexington, Kentucky, party of the first part ; " yet the effective portion of the lease is, "That the said *Bassett* has leased to said party of the second part, for five years," etc. It is true the deed is signed " B. F. Bassett, agent, estate R. Long, deceased," yet these descriptions to his name are mere *descriptio personae.* In *Murray v. Armstrong,* 11 Mo. 209, Dillon the agent was described in the lease as the agent of Bailey, but then stated that the said *Dillon* hath leased, etc., it was held a void lease. It is true in that case, Dillon signed his own name only, but the court refers to section 148, Story on Agency, where it is stated that though the agent signs and seals the deed as " A. B. for C. D." it is still his own deed. It must be borne in mind that the case of *Murray v. Armstrong* was, like the one at bar, a deed of lease under seal for a term of five years.

Some question was made as to Bassett being the proper party defendant as he was acting in the capacity of agent.

The notes were, however, executed in his name and he had negotiated some of them. Besides, it is a well-established rule of law that an agent must show some responsible principal behind him, else he will be held personally. *Heath v. Goslin,* 80 Mo. 310, and cases cited. In this case, as we have shown in *Crockett v. Althouse, supra,* there was no principal.

We have no doubt as to Bassett being the proper party defendant. The judgment, with the concurrence of all, is affirmed.